John P. DOUGHERTY, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 12008.

United States Court of Appeals
Sixth Circuit.

Oct. 21, 1954.

Albert B. Arbaugh, Canton, Ohio (Black, McCuskey, Souers & Arbaugh, Canton, Ohio, on the brief), for petitioner.

John J. Kelley, Jr., Washington, D. C. (H. Brian Holland, Ellis N. Slack, Washington, D. C., on the brief), for respondent.

Before SIMONS, Chief Judge, and MARTIN and STEWART, Circuit Judges.

## PER CURIAM.

The taxpayer has appealed from a decision of the United States Tax Court holding that there is a deficiency in his income tax for the year 1946. The issue is whether a gain derived by the petitioning taxpayer from the sale of six duplex dwelling units is taxable as capital gain, or as ordinary income as was held by the Tax Court.

The gain derived by the taxpayer was considered by the Tax Court to result from the sale of property held by him primarily for sale to customers in the ordinary course of his trade or business. See section 117(j)(1), I.R.C., 26 U.S.C.A. § 117(j)(1). The question presented is an issue of fact; and we find that there is substantial evidence to support the finding of the Tax Judge, which is certainly not clearly erroneous, that throughout the taxable year involved petitioner held the dwelling units in question primarily for sale to customers in the ordinary course of his trade or business: from which it follows that his profit on the sale of the houses is taxable as ordinary income.

■ The principal business activity of petitioner was, as held by the Tax Court, the building of houses for sale.

He was a licensed real estate dealer and had pursued that business actively during the taxable year in question. As was well analyzed by the experienced Tax Judge in his succinct opinion, the petitioner well knew at the time he erected the houses that he could not profit either by rent or by sale of the units on account of governmental restrictions; but, when those restrictions were removed and petitioner was privileged to sell, he sold all six units at an aggregate gross profit of around $12,500. What his original intention was would be evidential but not conclusive of the issue, for the holding of the houses during the taxable year could well have been primarily for sale to purchasers in the ordinary course of his trade or business, within the meaning of the code section cited above.

■ It seems to be settled law that whether property sold by a taxpayer had been held for sale to customers in the ordinary course of trade or business within the meaning of the statute is essentially a question of fact. See, for example, the recent opinion of the United States Court of Appeals for the Tenth Circuit in Home Co. v. Commissioner of Internal Revenue, 10 Cir., 212 F.2d 637. This court, in Winnick v. Commissioner of Internal Revenue, 6 Cir., 199 F.2d 374, 375, remanded the cause to the Tax Court for additional findings as to whether the fifty-two houses therein involved had been constructed for investment purposes, and for fact findings "relative to the holding, use or disposition by the taxpayer of the apartment house after its acquisition or construction, up to the present time." In the Winnick case, as in the present case, the issue of fact was considered to be determinative.

■ Here, upon sufficient evidence, the Tax Court has decided that the houses were held primarily for sale to customers of the petitioner in the ordinary course of his trade or business. We consider such finding binding upon this court.

Accordingly, the decision of the Tax Court is affirmed.